UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GORDON STEVENSON,

                    Petitioner,

-against-

ERIC H. HOLDER, JR., *United States Attorney General*; DUKE TERRELL, *Warden, Metropolitan Detention Center*,

                    Respondents.
---------------------------------------------------------------X

**ORDER**

**11-CV-5087 (NGG) (RML)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 05 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

    Petitioner Gordon Stevenson, currently incarcerated at the Metropolitan Detention Center and proceeding pro se, filed this Petition dated October 3, 2011, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet. (Docket Entry #1).) Petitioner challenges a 2009 judgment of conviction before Judge Raymond J. Dearie of this court and the seizure of funds totaling $207,714. (Id. (challenging United States v. Stevenson, 08-cr-00139-1 (RJD)).) As set forth below, this court cannot consider the Petition and transfers it to the United States Court of Appeals for the Second Circuit.

    Although Petitioner styles this Petition as one brought under 28 U.S.C. § 2241, that section is inapplicable to his claim. Section 2241 permits habeas corpus relief for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is appropriate for "challeng[ing] the *execution* of a federal prisoner's sentence . . . ." Jiminan v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). To challenge the legality of a conviction and sentence, however, a federal prisoner should look to 28 U.S.C. § 2255. "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." Jiminian, 245 F.3d at 146-47. A federal prisoner challenging his conviction may file a § 2241 petition only in

certain limited circumstances where § 2255 is an inadequate or ineffective remedy and "when the failure to allow for some form of collateral review would raise serious constitutional questions." Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)).

Petitioner's application challenges his indictment, the seizure of his shipments of cash, and his guilty plea. (See Pet.) The Petition is thus an attack on the legality of Petitioner's conviction and sentence, rather than the execution of his sentence. Petitioner is precluded from challenging this conviction by way of a § 2241 petition since he has not shown that his remedy under § 2255 was inadequate or ineffective. Jiminian, 245 F.3d at 147-48 (holding that a prisoner cannot use § 2241 instead of § 2255 "simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion"). Mindful of the court's duty to construe pro se filings broadly, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court construes the Petition as one seeking relief under § 2255.

This Petition, however, is Petitioner's third application for habeas relief from the same conviction. By Memorandum and Order dated August 19, 2010, Judge Dearie denied Petitioner's 28 U.S.C. § 2255 petition on the merits. See Stevenson v. United States, No. 10-CV-00235 (RJD) (Docket Entry # 8). By order dated October 28, 2010, Judge Dearie transferred Petitioner's second petition challenging the same 2009 conviction to the United States Court of Appeals for the Second Circuit as a successive application. See Stevenson v. Terrell, No. 10-CV-4502 (RJD) (Docket Entry # 2).

Because the Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications," Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003), Petitioner must move in

2

the United States Court of Appeals for the Second Circuit for permission to pursue this third petition for habeas corpus relief. 28 U.S.C. § 2244(a); 28 U.S.C. § 2255(h).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres, 316 F.3d at 151-52. This Order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, Petitioner shall move to reopen this case under this docket number. Nothing in this Order shall preclude Petitioner from commencing an appropriate action–such as a Bivens or Tucker Act action–for the return of his seized funds.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
 January  5 , 2012

NICHOLAS G. GARAUFIS  
United States District Judge